UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL DENISE REID,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                      /

Case No. 14-cv-11455

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS** (document no. 22), **ADOPTING REPORT AND RECOMMENDATION** (document no. 21), **DENYING REID's MOTION FOR SUMMARY JUDGMENT** (document no. 16), **AND GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT** (document no. 20)

    The Social Security Administration ("SSA") denied the application of Rachel Denise Reid ("Reid") for disability insurance benefits and supplemental security income in a decision issued by Administrative Law Judge ("ALJ") David F. Neumann on November 30, 2012. *See* Administrative R. ("A.R.") 24–38, ECF No. 12–2. After the SSA Appeals Council declined to review the decision, Reid appealed. The Court referred the matter to Magistrate Judge Anthony P. Patti, and the parties filed cross-motions for summary judgment. *See* Mots. Summ. J., ECF Nos. 16, 20. The Magistrate Judge issued a Report and Recommendation ("Report") suggesting that the Court deny Reid's motion and grant the Commissioner of Social Security's motion. Report, ECF No. 21. Reid filed timely objections to the Report. ECF No. 22.

    After examining the record and considering Reid's objections de novo, the Court concludes that her arguments do not have merit. Accordingly, the Court will adopt the Report's findings, deny Reid's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

**BACKGROUND**

The Report succinctly details the events giving rise to Reid's action against the Commissioner. Report 1–7, ECF No. 21. The Court will adopt that portion of the Report.

**STANDARD OF REVIEW**

Civil Rule 72(b) governs the review of a Magistrate Judge's report. A District Court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 73(b)(3). The Court will conduct de novo review of the Report with respect to Reid's objections.

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting

testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

Pursuant to 20 C.F.R. §404.1520(a)(4), the Commissioner determines disability using a five-step sequential analysis. At the fourth step, the burden lies with the claimant to establish whether "the claimant [can] perform his or her past relevant work." *Id.*; *see Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). At the fifth step, the burden lies with the Commissioner to establish whether "the claimant [can] perform other work available in the national economy." *Id.* If supported by substantial evidence, the decision "must be affirmed even if the reviewing court would decide the matter differently." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Evidence may include a vocational expert's response to a hypothetical question that "accurately portrays [plaintiff's] individual physical and mental impairments." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

## DISCUSSION

Reid objected to two parts of the Report: (1) the finding that the ALJ properly assessed Reid's credibility in light of her mental health limitations, and (2) the finding that the ALJ rightly analyzed her mental residual function capacity ("RFC"). Because both objections center on the ALJ's assessment of Reid's mental limitations, the Court will evaluate them together.

Reid argues that the ALJ did not discuss Reid's mental health issues, especially her "psychiatric treatment that included diagnosis of major depression and bipolar disorder." Obj. 2–3, ECF No. 22. As the Magistrate Judge rightly points out, the ALJ considered Reid's mental health diagnoses, treatments, and negative side effects on numerous

occasions: (1) an acknowledgment that Reid was treated for major depression, (2) the conclusion that Reid had several mental health issues, (3) a mental function analysis, (4) an assessment of Reid's function report, and (5) a citation of a report from Reid's August 7, 2012, visit with Dr. Fingal in which Dr. Fingal "note[d] that Plaintiff's depression was doing better." Report 18–19, ECF No. 21.

Reid argues that the ALJ did not properly consider Reid's mental and physical impairments when he gave hypothetical questions to the Vocational Expert ("VE"). As a result, Reid claims the ALJ wrongly determined that Reid had the RFC to perform "light work" as defined in 20 C.F.R. § 416.967(b). Obj. 3–6, ECF No. 22. The ALJ considered medical evidence and diagnosis of mental health issues, including: Reid's testimony and physical therapy notes about her abilities and symptoms, a hair service business Reid conducted for nearly eighteen months, and Reid's continued activities, which left the ALJ with the "strong impression that her condition is fairly well controlled and would also allow her to perform activities involved with performing simple, unskilled work tasks." Tr. 31–35, ECF No. 12. Furthermore, the ALJ accounted for Reid's specific mental and physical impairments by limiting the type of "light work" Reid should perform. Tr. 31–32, ECF No. 12. Given these considerations, the Court finds Reid's objection to be without merit.

Reid contends that the ALJ "improperly ignored the psychiatric conditions and the effects of the multiple medications" when assessing her credibility. Obj. 7–8, ECF No. 22. When considering the claimant's complaints of pain, "an ALJ may properly consider the credibility of the claimant. Furthermore, an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v.*

*Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ considered Reid's credibility in light of her self-described symptoms and the extent of her compliance with treating physicians' recommendations and found that Reid's "lack of compliance leaves the strong impression with the undersigned that her conditions could be improved if she were to follow medications . . . and modalities prescribed." Tr. 32, ECF No. 12. When the ALJ asked Reid about "the limitations that [she had] that [kept her] from working," Reid failed to mention her mental illness or the negative side effects of her medications. The Court finds that the ALJ properly assessed evidence related to Reid's credibility in arriving at his decision.

Viewing the administrative record as a whole, the Court finds that Reid's objections do not overcome the deference given to the ALJ's determination that Reid is capable of "perform[ing] other work available in the national economy." 20 C.F.R. §404.1520(a)(4).

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Magistrate Judge's Report, and Reid's objections. The Court finds Reid's objections unconvincing, and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Reid's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Reid's Objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (document no. 21) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Reid's Motion for Summary Judgment (document no. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 20) is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 25, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 25, 2015, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager